UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MARIO PACHECO, et al.,

                           Plaintiffs,                    **DECISION AND ORDER**

     - v -

                                                       CV-05-2013 (NG)(VVP)

CITY OF NEW YORK, et al.,

                           Defendants.
------------------------------------------------------------x

       By letter dated January 27, 2006, the plaintiff has moved to compel production of Civilian Complaint Review Board ("CCRB") and Internal Affairs Bureau ("IAB") records concerning the two individual defendant police officers, Gerard Caffrey and Sergio Hernandez. By letter dated January 31, 2006 the defendants have opposed the motion essentially on the grounds that the records do not fall within the scope of relevant discovery set out in Rule 26(b)(1) of the Federal Rules of Civil Procedure. Their principle argument is that the CCRB and IAB records concerning the defendants are not relevant because they contain only allegations of misconduct which were found to be unsubstantiated.

       The plaintiff asserts that the records are discoverable under four theories of relevance: (i) to prove intent; (ii) to impeach the defendants' credibility; (iii) to support an award of punitive damages; and (iv) to prove municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). As to the first theory, instances of prior misconduct may be offered at trial to prove intent if the misconduct constitutes similar act evidence. *See, e.g., Ismail v. Cohen*, 899 F.2d 183, 188-89 (2d Cir. 1990). Thus, CCRB and IAB records concerning allegations of false arrest and excessive force by the defendants could lead to evidence admissible at trial, and are therefore discoverable. That the allegations may not have been substantiated in those tribunals does not protect the records from discovery. Of course, the mere allegations in those records would not be admissible at trial. But the plaintiff should be given an opportunity to seek out the witnesses to the other allegations of misconduct and produce them at trial if they have evidence that would tend to prove the defendants' intent.

CCRB and IAB records concerning other types of misconduct, however, need not be produced.  The defendants assert that none of the records concern allegations of false statements, and therefore are not likely to lead to impeachment evidence.  As to punitive damages, the plaintiff's proof must show malicious intent or deliberate indifference to the constitutional rights that are implicated in the case.  *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640 (U.S. 1983).  Unsubstantiated instances of misconduct not related to false arrest or excessive force are not reasonably likely to lead to such evidence.  Finally, as to the plaintiff's *Monell* claim, the claim rests on an allegation that the City ignored evidence that the individual defendants had a propensity to make false arrests and use excessive force.   Thus, unsubstantiated instances of misconduct unrelated to false arrest or excessive force are simply irrelevant to the claim as it is pleaded in the complaint.  Indeed, it is doubtful whether unsubstantiated instances of any kind of misconduct can ever be used to prove a *Monell* claim.  *See, e.g., Sealey v. Fishkin*, Dkt. No. 96 CV 6303(RR), 1998 WL 1021470 at * (E.D.N.Y. Dec. 2, 1998)(unsubstantiated allegations of misconduct do not prove City's deliberate indifference); *Marcel v. City of New York*, Dkt. No. CV 88-7017, 1990 WL 47689 at *8-9 (S.D.N.Y. Apr. 11, 1990) (unsubstantiated CCRB complaints do not support claim of municipal failure to train); *Law v. Cullen*, 613 F. Supp. 259, 262-63 (S.D.N.Y. 1985).

Accordingly, the City is directed to produce records concerning both substantiated and unsubstantiated allegations concerning false arrest or excessive force by the individual defendants.  In all other respects the plaintiff's application is denied.

SO ORDERED:

*Viktor V. Pohorelsky*

VIKTOR V. POHORELSKY
United States Magistrate Judge

Dated:    Brooklyn, New York
          March 13, 2006